IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02366-BNB

MARTIN ARCADIO SANCHEZ,

    Plaintiff,

v.

ROBERT FYLES, Deputy A.C.D.F.,
KYLE WANDERSEE, Nurse A.C.D.F.,
KELLY VOLK, Nurse, A.C.D.F.,
CHERYL GROOTHUIS, Nurse, A.C.D.F.,
MISHA STRONG, Nurse, A.C.D.F.,
MIKE MILLER, Sergeant, A.C.D.F.,
DEP. GARCIA, Deputy, A.C.D.F.,
DR. METCALF, Platt Valley Med Cntr.,
LINDSEY (last name unknown), Classifications A.C.D.F.,
DEP. DUMMAR, Deputy, A.C.D.F., and
DEP. GORSAGE, Deputy, A.C.D.F.,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

At the time Plaintiff, Martin Arcadio Sanchez, initiated this action he was a prisoner in the custody of the Adams County Detention Facility (ACDF). Mr. Sanchez filed a Prisoner Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on September 8, 2011. Mr. Sanchez filed an Amended Complaint on October 13, 2011. Also on October 13, 2011, Mr. Sanchez filed a letter to the Court indicating that he had been released from the ACDF. Therefore, Mr. Sanchez was directed to file a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the form used by non-prisoners, which he submitted to the Court on

November 2, 2011. Mr. Sanchez was granted leave to proceed pursuant to 28 U.S.C. § 1915 on November 8, 2011.

The Court must construe the Amended Complaint liberally because Mr. Sanchez is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, a court should not act as a **pro se** litigant's advocate. **See id.** For the reasons stated below, the Amended Complaint and the action will be dismissed in part and drawn in part.

Mr. Sanchez asserts three claims. In Claim One, Mr. Sanchez alleges that on January 6, 2011, he was assaulted by Defendant Fyles at the ACDF. He asserts that Defendant Fyles slammed him to the ground, punched him in the lower spine, and also kneed him in the face, head, neck and mouth. He alleges that Defendant Wandersee witnessed the assault, but failed to protect him or report the assault. He also alleges that Defendant Strong attempted to cover up the assault by wiping blood from his face before taking pictures of him. Mr. Sanchez further asserts that Defendants Volk and Groothuis refused to report the assault and did not provide him with the proper medical attention. Finally, Mr. Sanchez asserts that when Defendants Dummar and Gorsage escorted him back to his cell, they denied his requests for grievance forms, telling him that his grievance would "go nowhere" because he was to be released in the morning.

Liberally construing his claim, it appears that Mr. Sanchez asserts that his Eighth Amendment right to be free from cruel and unusual punishment has been violated.

In Claim Two, Mr. Sanchez alleges that after he was released from the ACDF, he went to the Platte Valley Medical Emergency Center and reported that he had been assaulted by Deputy Fyles. Mr. Sanchez was treated by Dr. Metcalf, who gave him a cat scan in addition to a prescription for pain medication. Mr. Sanchez complains that Dr. Metcalf failed to take a statement from him regarding the assault and also failed to report the assault to the local police department.

In Claim Three, Mr. Sanchez alleges that he returned to ACDF on March 11, 2011. At the time he was booked in, he asked Defendant Garcia to segregate him from Defendant Fyles based on their history. Defendant Garcia notified Defendant Miller about Mr. Sanchez's request, but then Defendant Garcia told Mr. Sanchez that "it was up to classifications to choose [his] housing." Amended Complaint at 14. On March 14, 2011, Mr. Sanchez spoke with Defendant Lindsey in classifications and again requested a housing assignment in an area apart from Defendant Fyles. However, also on March 14, 2011, Mr. Sanchez alleges that he was placed in a module with Defendant Fyles. He asserts that from March to June of 2011, he witnessed Defendant Fyles assault other inmates and that he was intimidated, harassed, verbally assaulted, and placed under stress by Defendant Fyles. He further alleges that when he was moved to a different module in June, Deputies Benson, Born, and Eckhart, who are not named parties to this action, also verbally assaulted and harassed him. Finally, he asserts that Defendant Benson wrongfully confiscated canteen items worth $50.00 from him. Mr. Sanchez requests damages as relief.

Claim One will be drawn to a district judge and to a magistrate judge.

As for Claim Two, Mr. Sanchez complains that Defendant Doctor Metcalf failed follow a Platte Valley Medical Center procedure when the Defendant refused to contact the local police department after Mr. Sanchez reported that he had been assaulted. Section 1983 creates a cause of action where a "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution." 42 U.S.C. § 1983. Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979); *see also Southern Disposal, Inc. v. Texas Waste Management*, 161 F.3d 1259, 1265 (10th Cir. 1998) (holding "[i]n order to successfully state a cause of action under section 1983, [the plaintiff] must allege . . . the deprivation of a federal right . . . .") (internal quotation marks and ciattion omitted). In his second claim, Mr. Sanchez does not assert that Defendant Metcalf's failure to follow hospital procedure resulted in a violation of his constitutional rights under federal law. Further, it is not clear what injury, if any, Mr. Sanchez suffered as a result of Defendant Metcalf's actions. Without more, Claim Two lacks merit and it will be dismissed as legally frivolous.

As for Claim Three, Mr. Sanchez appears to allege that his Eighth Amendment rights were violated because Defendants Garcia, Miller, and Lindsey failed to "properly segregate" him from Defendant Fyles after Mr. Sanchez returned to ACDF in March. A

prisoner claiming that he has been subjected to cruel and unusual punishment based on an official's failure to protect must show that (1) the alleged deprivation is objectively, "sufficiently serious," meaning the inmate "is incarcerated under conditions posing a substantial risk of serious harm," and (2) the prison official acted with "deliberate indifference," meaning the official knew of and disregarded an excessive risk to the inmate's safety. **Farmer v. Brennan**, 511 U.S. 825, 833 (1994).

However, Mr. Sanchez does not demonstrate that in March of 2011 he was "incarcerated under conditions posing a substantial risk of serious harm." *Id.* Although he asserts that Defendant Fyles verbally assaulted him and harassed him, this does not state a claim of a constitutional violation. Verbal harassment and threats without more do not state an arguable constitutional claim. **See Northington v. Jackson**, 973 F.2d 1518, 1524 (10th Cir. 1992); **Cumbey v. Meachum**, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); **Collins v. Cundy**, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Mr. Sanchez does not assert that he was physically assaulted by Defendant Fyles in the time period of March 2011 to June 2011.

Also, with respect to Mr. Sanchez's property claim, where he asserts that Deputy Benson confiscated canteen items from him, an unauthorized intentional deprivation of property by state officials does not violate the Due Process Clause if a meaningful postdeprivation remedy for the loss is available. **See Hudson v. Palmer**, 468 U.S. 517, 533 (1984); **Durre v. Dempsey**, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Mr. Sanchez fails to allege that a meaningful postdeprivation remedy was unavailable. Claim Three, therefore, lacks merit and will be dismissed as legally frivolous.

Accordingly, it is

ORDERED that Defendants Mike Miller, Dep. Garcia, Dr. Metcalf, and Lindsey, and the claims asserted against them, are dismissed from the action pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).  It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Mike Miller, Dep. Garcia, Dr. Metcalf, and Lindsey from the docketing record as parties to this action.  It is

FURTHER ORDERED that Claim One, which is asserted against Defendants Robert Fyles, Kyle Wandersee, Kelly Volk, Cheryl Groothuis, Misha Strong, Dep. Dummar, and Dep. Gorsage, shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  28th  day of  November , 2011.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court