IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02366-REB-CBS

MARTIN ARCADIO SANCHEZ,
        Plaintiff,
v.

ROBERT FYLES, Deputy A.C.D.F.,
KYLE WANDERSEE, Nurse A.C.D.F.,
KELLY VOLK, Nurse A.C.D.F.,
CHERYL GROOTHUIS, Nurse A.C.D.F.,
MISHA STRONG, Nurse A.C.D.F.,
DEP. DUMMAR, Deputy A.C.D.F., and
DEP. GORSAGE, Deputy A.C.D.F.,
        Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court regarding Plaintiff Mr. Sanchez' failure to

appear at the Preliminary Scheduling Conference held on February 1, 2012, failure to

appear at the Preliminary Scheduling Conference held on February 29, 2012, failure

comply with the Local Rules of Practice of the United States District Court for the

District of Colorado, the Federal Rules of Civil Procedure, and court orders, failure to

respond to the court's March 6, 2012 Order to Show Cause (Doc. # 33), and failure to

prosecute this action.  Pursuant to the Order of Reference dated November 29, 2011

(Doc. # 2), this civil action was referred to the Magistrate Judge to conduct proceedings

pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.  The court has reviewed the

entire case file and the applicable law and is sufficiently advised in the premises.

        Proceeding *pro se* and *in forma pauperis*, Mr. Sanchez filed his initial Prisoner

Complaint on or about September 8, 2011.  (*See* Doc. # 1).  Mr. Sanchez filed his

Amended Prisoner Complaint on October 13, 2011.  (*See* Doc. # 5).  On November 28,

2011, District Judge Babcock entered an Order dismissing Defendants Miller, Garcia,

Metcalf, and Lindsey and the claims against them (Claims Two and Three), leaving one

claim against seven Defendants.  (*See* Doc. # 14).

By a Minute Order dated December 13, 2011, the court set a Preliminary

Scheduling Conference on February 1, 2011 at 10:00 a.m. in Courtroom A-402, Fourth

Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, 80294.

(*See* Doc. # 30).  The court mailed a copy of the Minute Order to Mr. Sanchez at his

address of record with the court.  (*See* Doc. # 30, Notice of Electronic Filing; Doc. # 7

(Mr. Sanchez' notice of change of address upon release from incarceration);  Doc. # 19

(Certificate of Service by Mail by Clerk of Court of Doc. # 16 (Order Referring Case to

Magistrate Judge)), Doc. # 13 (Order on Motion for Leave to Proceed in Forma

Pauperis), Doc. # 14 (Order), and Doc. # 9 (Order) to Martin Arcadio Sanchez, 210

Denver Street, Brighton, Colorado 80601).  The court's records indicate that Mr.

Sanchez' copies of the Minute Order and the other mailings were not returned to the

court in the mail as undeliverable.  The court held the Preliminary Scheduling

Conference on February 1, 2012 at 10:08 a.m.  Defendants appeared through counsel.

Mr. Sanchez did not appear.  Mr. Sanchez did not contact the court regarding his failure

to appear.

By a "Second Minute Order" dated February 3, 2012, the court reset the

Preliminary Scheduling Conference on February 29, 2012 at 10:00 a.m. in Courtroom

A-402, Fourth Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, 80294.  (*See* Doc. # 31).  The court mailed a copy of the Minute Order to Mr. Sanchez at his address of record with the court.  (*See* Doc. # 31, Notice of Electronic Filing).  The court's records indicate that Mr. Sanchez' copy of the Minute Order was not returned to the court in the mail as undeliverable.  The court held the Preliminary Scheduling Conference on February 29, 2012 at 10:08 a.m.  Once again, Defendants appeared through counsel.  Again, Mr. Sanchez did not appear.  Mr. Sanchez did not contact the court regarding his failure to appear.

Defendants Groothuis and Strong filed a Motion to Dismiss on December 29, 2011.  (*See* Docs. # 24, # 25 (Brief in Support)).  By a Minute Order dated December 29, 2011, the court directed Mr. Sanchez to file any response to the motion on or before January 23, 2012.  (*See* Doc. # 27).  To date, Mr. Sanchez has not filed a response to the Motion.

On March 6, 2012, the court issued an Order to Show Cause pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado, D.C. COLO. LCivR 41.1.  (*See* Doc. # 33).  The court directed Mr. Sanchez to show cause in writing on or before Wednesday, March 21, 2012 why this civil action should not be dismissed for failure to appear at the Preliminary Scheduling Conference held on February 1, 2012, failure to appear at the Preliminary Scheduling Conference held on February 29, 2012, failure comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, and failure to prosecute this action.  The court advised Mr. Sanchez that

"failure to adequately respond to this Order to Show Cause on or before March 21, 2012 may result in a Recommendation to District Judge Blackburn that this civil action be dismissed without further notice."  (*See* Doc. # 33).  As of this date Mr. Sanchez has not responded to the court's Order to Show Cause.  The court's records do not reflect that Mr. Sanchez' copy of the Order Show Cause was returned as undeliverable.  Mr. Sanchez has filed nothing in this case since he filed his "Amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" on November 2, 2011.

Mr. Sanchez has failed to appear at the Preliminary Scheduling Conference held on February 1, 2012, failed to appear at the Preliminary Scheduling Conference held on February 29, 2012, failed comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, failed to respond to the court's March 6, 2012 Order to Show Cause, and failed to prosecute this action.  Based on these instances of noncompliance, this civil action may be dismissed with or without prejudice.  *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.");  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008)  ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court.").  *See also* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . .

operates as an adjudication on the merits."); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted). Here, the court recommends dismissal without prejudice. The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). The court notes that Mr. Sanchez brings his Claim One pursuant to 42 U.S.C. § 1983. Section 1983 claims are subject to the most appropriate state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of

limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993) (applying § 13-80-102 to § 1983 claim).

The determination of when a § 1983 action accrues is controlled by federal rather than state law. *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citation omitted). "Section 1983 claims accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.' " *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980)) (further quotations omitted). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of injury which is the basis of his action." *Industrial Constructors Corp.*, 15 F.3d at 969. Mr. Sanchez alleges that the events that form the basis of his Claim One occurred on January 6, 2011. (*See* Doc. # 5 at 12 of 29). Mr. Sanchez has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. While the court is not convinced that it is required to *sua sponte* identify and apply the limitations period or tolling provisions applicable to Mr. Sanchez' single remaining claim, it appears that the two-year statute of limitations for Mr. Sanchez' § 1983 claim began to run on January 6, 2011 and will expire on or about January 6, 2013. With this notice to Mr. Sanchez, the court recommends dismissal without prejudice of this civil action.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for Mr. Sanchez' failure to appear at the Preliminary Scheduling Conference held on February 1, 2012, failure to appear at the Preliminary Scheduling Conference

held on February 29, 2012, failure to comply with the Local Rules of Practice of the

United States District Court for the District of Colorado, the Federal Rules of Civil

Procedure, and court orders, failure to respond to the court's March 6, 2012 Order to

Show Cause, and failure to prosecute this action.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party

may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583

(10th Cir. 1995).  A general objection that does not put the District Court on notice of

the basis for the objection will not preserve the objection for *de novo* review.  "[A]

party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for de novo review by the district court or for

appellate review."  *United States v. One Parcel of Real Property Known As 2121 East*

*30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate

Judge's proposed findings and recommendations and will result in a waiver of the right

to appeal from a judgment of the district court based on the proposed findings and

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80

(10th Cir. 1999) (District Court's decision to review a Magistrate Judge's

recommendation *de novo* despite the lack of an objection does not preclude application

of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal*

*Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain

portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal

those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir.

1992) (by their failure to file objections, plaintiffs waived their right to appeal the

Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require

review).

DATED at Denver, Colorado, this 29th day of March, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge